UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Magistrate Docket No. |
| | ) | |
| Plaintiff, | ) | '08 MJ 1514 |
| | ) | COMPLAINT FOR VIOLATION OF: |
| v. | ) | |
| | ) | Title 8, U.S.C., Section 1326 |
| **Raymundo ROBLES-Villa,** | ) | Deported Alien Found in the |
| | ) | United States |
| | ) | |
| Defendant | ) | |
| | ) | |

The undersigned complainant, being duly sworn, states:

On or about **May 14, 2008** within the Southern District of California, defendant, **Raymundo-ROBLES-Villa,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **15th** DAY OF **MAY 2008**

_____
Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE



**CONTINUATION OF COMPLAINT:**
**Raymundo ROBLES-Villa**

## PROBABLE CAUSE STATEMENT

On May 14, 2008, Supervisory Border Patrol Agent A. Lambert was working in the area in an area known as "Area 51." This area is approximately two miles west of the San Ysidro, California Port of Entry and 300 yards north of the United States/ Mexico International Boundary.

Agent Lambert observed an individual walking north in the area. Agent Lambert approached the individual and identified himself as a Border Patrol Agent and conducted an immigration inspection. The individual, later identified as the defendant **Raymundo ROBLES-Villa**, admitted that he did not have any immigration documents allowing him to be or remain in the United States legally and that he is a citizen and national of Mexico. At approximately 7:30 a.m., the defendant was arrested and transported to the Imperial Beach Border Patrol Station for processing

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on April 2, 2001 through Calexico, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda Rights, which he stated he understood and was willing to answer questions without having an attorney present. The defendant admitted to being a citizen and national of Mexico without having any immigration documents allowing him to be or remain in the United States legally.